IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| SALEEBAN ISSE ADAN, : | |
| : | |
| Plaintiff, : | |
| : | CIVIL NO. 5:15-CV-0047-MTT |
| VS. : | |
| : | |
| JOHN AND OR JANE DOES : | |
| "Every man, woman and child," : | |
| : | |
| Defendants. : | |

## ORDER

Plaintiff **SALEEBAN ISSE ADAN**, a prisoner confined at Georgia State Prison in Reidsville, Georgia, has filed a *pro se* civil rights complaint seeking relief under 42 U.S.C. § 1983. Because Plaintiff failed to pay the required fee upon filing, the Court presumes that he also wishes to proceed in this action *in forma pauperis*.

Federal law, however, prohibits a prisoner from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes provision." Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is frivolous or malicious or fails to state a claim. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999). If a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: Leave may not be granted unless the

prisoner alleges an imminent danger of serious physical injury. *Id.*

A review of court records on the U.S. District Web PACER Docket Report reveals that Plaintiff has filed multiple lawsuits in federal court and that at least three of his complaints have been dismissed as frivolous or malicious or for failure to state a claim. *See Adan v. Central State Hosp.,* 1:05-CV-0370 (Doc. 2) (N.D. Ga. March 14, 2005); *Adan v. All*, 1:14-CV-1274 (Doc. 17) (N.D. Ga. Nov. 19, 2014); *Adan v. Georgia State Prison*, 5:14-CV-363 (Doc. 5) (M.D. Ga. Dec. 2, 2014); *Adan v. Am. Music Record*, 5:14-CV-274 (Doc. 4) (M.D. Ga. July 29, 2014).   Because of this, Plaintiff may not proceed *in forma pauperis* unless he can show that he qualifies for the "imminent danger" exception in § 1915(g). *See Medberry*, 185 F.3d at 1193.   Plaintiff has not alleged any such danger in his Complaint.   The Court therefore finds that Plaintiff has failed to show that he is now entitled to proceed *in forma pauperis*.

Yet, even if Plaintiff was entitled to proceed *in forma pauperis* (or if he intended to pay the full filing fee), the Court finds his Complaint frivolous.   Inasmuch, Plaintiff is now attempting to sue "every man every woman and every child" for "$999,000 thrillionaire" based upon the Lord's "commandment." *See* Compl. at 4-5.   Thus, even when construed liberally and in his favor,[1] Plaintiff's Complaint is "without arguable merit either in law or fact." *See Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).   The Complaint is accordingly due to be dismissed with prejudice. *See* 28 U.S.C. §§ 1915 (e) & 1915A(b)(1).

---

1  *Pro se* pleadings must be "liberally construed." *Tannenbaum v. U.S.,* 148 F.3d 1262, 1263 (11th Cir. 1998). A *pro se* pleading is, however, still subject to dismissal prior to service if the court finds that the complaint, when construed liberally and viewed in the light most favorable to the plaintiff, is frivolous or malicious or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1). *See also* 28 U.S.C. § 1915(e)(2)(B).

Leave to proceed *in forma pauperis* is **DENIED**, and Plaintiff's Complaint is **DISMISSED**.

**SO ORDERED**, this 4th day of March, 2015.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

jlr